# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW MAGDY KAMAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-989-GBW |
| | ) | |
| FEMTOSENSE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Andrew Magdy Kamal, Troy, Michigan – *Pro se* Plaintiff

Anne Shea Gaza, Robert M. Vrana, Ryan J. Malloy, YOUNG, CONAWAY, STARGATT & TAYLOR LLP, Wilmington, Delaware – Counsel for Defendants Femtosense, Inc., and Sam Fok

## **MEMORANDUM OPINION**

September 18, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.    INTRODUCTION

On August 9, 2024, Plaintiff Andrew Magdy Kamal, of Troy, Michigan, initiated this civil action by filing a complaint *pro se* with the Delaware Chancery Court. (*See* D.I. 1.)  Defendants Femtosense, Inc., and Sam Fok removed the case to this Court on August 29, 2024. (*Id.*)  Now pending before this Court is a motion to dismiss the complaint filed by Defendants. (D.I. 6.)  Also pending are four motions filed by Plaintiff. (D.I. 10, 19, 21, 26.)  Defendants' motion to dismiss will be granted in part and denied in part. (D.I. 6.)  The complaint will be dismissed without prejudice, and Plaintiff will be granted leave to amend to state a claim. (D.I. 1.)  Plaintiff's motion to remand will be denied for lack of cause shown. (D.I. 10.)  Plaintiff's motions for jury trial, subpoena, and discovery will be denied as premature. (D.I. 19, 21, 26.)

## II.    BACKGROUND

According to the complaint and supporting documents, Plaintiff owns a patent for a "novel and inventive method for compressing data," which Femtosense potentially infringed on an unspecified date by way of an unspecified product. (D.I. 1-6 at 4.)  Plaintiff identifies various alleged similarities between his patented data compression method and a Femtosense process for compressing, managing, and categorizing data. (*See id.* at 9-13.)  Additionally, in prior legal proceedings in

1

California that were dismissed without prejudice and related to this alleged patent infringement, counsel for Femtosense and its founder, Sam Fok, "insinuate[d] that [Plaintiff was] mentally challenged, racist, [and] not capable of making claims," among other claims, which Plaintiff asserts were untrue, discriminatory, and caused him distress. (D.I. 1-3 at 3.) Based on the foregoing, Plaintiff seeks "the full amount of Femtosense's equity, tangible/intangible assets, related properties, and penalties related to the libel and discrimination as well as distress [Plaintiff] suffered." (*Id.* at 5.)

## III.   **LEGAL STANDARDS**

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more

2

than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

Courts faced with a motion to dismiss pursuant to Rule 12(b)(6) must generally limit their consideration to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.    **DISCUSSION**

Upon review, this Court finds that the complaint fails to state a claim upon which this Court may grant relief, warranting dismissal under Rule 12(b)(6).

The federal claims alleged in the complaint, *i.e.*, Plaintiff's patent infringement claims, are insufficiently pled.  As Defendants assert in briefing, no facts alleged suggest that Plaintiff intends to assert claims of induced or contributory infringement, and pleading direct infringement requires facts "that plausibly indicate that the accused products contain each of the limitations found in the claim." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018).  Without identifying specific Femtosense products, and the specific limitations found therein, Plaintiff's federal claims are insufficiently alleged, and this Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

Without a sufficiently pled federal claim, this Court cannot exercise supplemental jurisdiction over the additional state law torts alleged in the complaint.

## V.    **CONCLUSION**

For the above reasons, Defendants' motion to dismiss is granted in part and denied in part. (D.I. 6.)  The complaint is dismissed without prejudice, and Plaintiff is granted leave to amend his pleading and cure the complaint's deficiencies. (*See*

4

D.I. 1.)  Plaintiff's motion to remand to state court is denied because this case involves federal claims within this Court's jurisdiction and it was properly removed to this Court by Defendants.  (D.I. 10; *see* D.I. 1.)  Plaintiff's motions for jury trial, subpoena, and discovery are denied as premature without prejudice to renew at a later stage of this case, if appropriate.  (D.I. 19, 21, 26.)

An appropriate Order will be entered.