IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW KAMAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-989-GBW-SRF |
| | ) | |
| FEMTOSENSE, INC. and SAM FOK, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Presently before the court in this patent infringement action are the following motions:

(1) a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6), filed by defendants Femtosense, Inc. and Sam Fok (together,

"Defendants"),[1] (D.I. 40); (2) a motion for a stay of discovery and for a Rule 26(f) conference,

filed by plaintiff Andrew Magdy Kamal ("Plaintiff"),[2] (D.I. 33); and (3) a motion for a

preliminary injunction filed by Plaintiff,[3] (D.I. 49). For the following reasons, I recommend that

the court GRANT Defendants' motion to dismiss and DENY the motion to stay discovery and

the motion for preliminary injunction as moot.

I.      BACKGROUND

On August 9, 2024, Plaintiff initiated this civil action by filing a *pro se* complaint in the

Court of Chancery. (D.I. 1) Defendants removed the case to this court on August 29, 2024.

(*Id.*) On September 18, 2025, the court dismissed Plaintiff's complaint for failure to state a

---

[1] The briefing and filings associated with the pending motion to dismiss are found at D.I. 41, D.I. 42, D.I. 43, D.I. 44, D.I. 45, and D.I. 48.

[2] The briefing associated with the pending motion to stay discovery is found at D.I. 37.

[3] The briefing and filings associated with the pending motion for a preliminary injunction are found at D.I. 50 and D.I. 52.

claim but permitted leave to amend.  (D.I. 34; D.I. 36)  Defendants now move to dismiss

Plaintiff's amended complaint for failure to state a claim.  (D.I. 38; D.I. 40)

The amended complaint alleges that Plaintiff owns U.S. Patent No. 10,965,315 ("the '315

patent"), titled "Data Compression Method" and covering a "novel and inventive method for

compressing data."  (D.I. 38 at ¶¶ 7-8)  In short, Plaintiff alleges similarities between Plaintiff's

patented data compression method and Defendants' process for compressing, managing, and

categorizing data.  (D.I. 34 at 2)  For example, Plaintiff avers that Defendants' products include a

"quadtree data compression method utilizing trivial zeros [that] is identical to the method

claimed" in the '315 patent.  (D.I. 38 at ¶ 15)  The amended complaint includes federal causes of

action for direct, indirect, and willful patent infringement and civil rights violations.  (*Id.* at ¶¶

30-38, 46-47)  Plaintiff brings a state law cause of action for defamation and emotional distress.

(*Id.* at ¶¶ 39-42)  Plaintiff also continues to allege misconduct by Defendants' counsel related to

prior legal proceedings in California.[4]  (*Id.* at ¶¶ 26-29, 43-45; D.I. 34 at 2)

## II.    LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim

upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To state a claim upon which relief

can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although

detailed factual allegations are not required, the complaint must set forth sufficient factual matter

to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[4] Several months before filing his complaint in the Court of Chancery, Plaintiff filed an action
for patent infringement in the Central District of California. *See Kamal v. Femtosense, Inc.*, C.A.
No. 5:24-967-KK-DTB, D.I. 1 (C.D. Cal. May 6, 2024).  On July 30, 2024, the court entered an
order granting Femtosense's motion to dismiss for improper venue. *Id.*, D.I. 64.  Plaintiff then
brought suit in the Court of Chancery on August 9, 2024.

570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted).  This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).  "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

## III.    DISCUSSION

I recommend that the court GRANT Defendants' motion to dismiss the amended complaint for failure to state a claim under Rule 12(b)(6).  To state a claim for direct patent infringement, the pleading must include facts "that plausibly indicate that the accused products contain each of the limitations found in the claim." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, C.A. No. 17-965-LPS-CJB *et al.*, 2018 WL 4660370, at (9 (D. Del. Sept. 28, 2018).  The court previously determined that Plaintiff's patent infringement claims were deficient

3

because they failed to identify specific Femtosense products or describe how the asserted claim limitations were found in those products. (D.I. 34 at 4)  The amended complaint does not remedy this deficiency. *See Ancora Techs., Inc. v. Lenovo Grp. Ltd.*, C.A. No. 19-1712-CFC, 2020 WL 4530718, at *1 (D. Del. Aug. 6, 2020) (dismissing infringement claim that "fail[ed] to identify which components of the Accused Products correspond to which elements of the asserted method patent.").  The claim chart attached as Exhibit B to the amended complaint does not coherently map the claim limitations to Defendants' product(s). (D.I. 38, Ex. B)  The claim chart places excerpts of Femtosense's material[5] in a highlighted box underneath the claim language of the method patent, without alleging what Femtosense product is accused or how it performs the operation in the asserted claim limitation. (*Id.*)  In this regard, Plaintiff's amended complaint fares no better than the "Patent Infringement Analysis" attached to Plaintiff's original complaint, which generally alleged infringement "based on various sources, including code snippets, product documentation, and public repositories associated with Femtosense[.]" (D.I. 1-6 at 2-5)

Because direct infringement is a prerequisite for indirect and willful infringement, I further recommend that the court GRANT Defendants' motion to dismiss Plaintiffs' claims for indirect infringement. *See Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement."); *see also Staton Techiya, LLC v. Harman Int'l Indus., Inc.*, 734 F. Supp. 3d 354, 377 (D. Del. 2024) ("Because [the plaintiff] does not plausibly plead

---

[5] The source of Femtosense's material, such as from a website, is not identified in the claim chart.

direct infringement, the Complaint also fails to plead claims for induced and willful infringement.").

The amended complaint also alleges that Defendants violated Plaintiff's civil rights, including his First and Seventh Amendment rights, by "abus[ing] and manipulat[ing] the legal system[.]" (D.I. 38 at ¶¶ 46-47) Plaintiff's cause of action for civil rights violations does not state a plausible claim for relief because Defendants are not state actors. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010).

In the absence of a plausible federal claim for patent infringement or a civil rights violation, I recommend that the court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action sounding in tort. (D.I. 34 at 4) Plaintiff has had three opportunities to file a complaint that passes muster under Rule 12—once in the Central District of California and twice in Delaware—yet he has failed to do so. Therefore, I recommend that the court dismiss the amended complaint with prejudice. *See Van Tassel v. Piccione*, 608 F. App'x 66, 69 n.3 (3d Cir. 2015) (upholding dismissal with prejudice of pro se complaint where the plaintiff "attempted to litigate these claims in multiple courts through multiple litigations and has yet to articulate any set of facts on which these defendants could be held liable" or "set forth facts to support an effective amendment in [the] opposition to [defendants'] motions to dismiss"); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming district court's dismissal with prejudice "[g]iven the uncorrected deficiencies in [the plaintiff's] pleading[.]").

Having recommended that the court grant Defendants' motion to dismiss, I further recommend that the court deny Plaintiff's motion for a preliminary injunction as moot. (D.I. 49) When a plaintiff's claims cannot survive a motion to dismiss under Rule 12(b)(6), it follows that

the plaintiff cannot show a likelihood of success on the merits of those claims in support of a motion for preliminary injunction. *See Doe v. Christie*, 33 F. Supp. 3d 518, 522 n.3 (D.N.J. 2014). Plaintiff's motion for a stay of discovery is also moot due to the recommended dismissal of the amended complaint. (D.I. 33)

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1. The Report and Recommendation issued on March __, 2026 is **ADOPTED**.

2. Defendants' motion to dismiss for failure to state a claim is **GRANTED**. (D.I. 40)

3. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

4. Plaintiff's motion for a stay of discovery and for a Rule 26(f) conference is **DENIED** as moot. (D.I. 33)

5. Plaintiff's motion for a preliminary injunction is **DENIED** as moot. (D.I. 49)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006). The parties are directed to the court's Standing Order

for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available

on the court's website, http://www.ded.uscourts.gov.


Dated: March 24, 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE